UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
1:25-cv-14211

| | |
|---|---|
| STEVEN LEDESMA | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| TIMOTHY J. TOUHY, | ) |
| TOUHY LAW GROUP, PC, | ) |
| JEFFREY M. BROWN, and | ) |
| LEONARD LAW GROUP,LLC | ) |
| | ) |
| Defendants. | ) |

**SECOND AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, Steven Ledesma ("Ledesma"), by counsel, files this Second Amended Complaint for damages against Defendants, Timothy J. Touhy ("Touhy"), Touhy Law Group, PC ("TLG"), Jeffrey M. Brown ("Brown"), and Leonard Law Group, LLC ("LLG"), and states as follows:

**Parties**

1. At all times relevant herein, Ledesma was a citizen of the State of Texas.

2. At all times relevant herein, Touhy was a citizen of the State of Illinois and licensed attorney with offices in Chicago, Illinois.

3. At all times relevant herein, TLG was an Illinois professional corporation with its principal place of business in Chicago, Illinois.

4. At all times relevant herein, Brown was a citizen of the State of Illinois and a licensed attorney with offices in Chicago, Illinois.

5. At all times relevant herein, LLG was an Illinois limited liability company with its principal place of business in Chicago, Illinois.

6. LLG has the following members all of who are citizens of Illinois: Joseph J. Leonard; Andrew P. Leonard; Matthew J. Leonard; Joseph J. Leonard, II; Joseph P. Brancky; Jeffrey M. Brown; Andrew Klas; Michael E. Mahay; Matthew J. Novak; Brian A. Rudd; and Kyle A. Van Slyle. The remaining member of LLG is Derek M. Durnavich and he is a citizen of Indiana. None of the members of LLG are citizens of Texas, there is no overlapping citizenship of the parties.

## Jurisdiction and Venue

7. The Court has jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

8. The Northern District of Illinois Eastern Division is the appropriate venue because the alleged professional negligence occurred in Cook County, Illinois.

## General Allegations

9. On or about February 13, 2018, Ledesma was injured in an accident at the Westin Chennai Hotel, and he retained the Leonard Law Group, LLC ("LLG") to pursue a worker's compensation claim against his employer (the "WC Claim") and a third-party liability claim against the hotel (the "Lawsuit").

10. LLG assigned attorney Brown to the Lawsuit and attorney Leonard to the WC Claim. Initial PI attorney was Dan Biederman, who was replaced by Brown

11. The Lawsuit was filed against Mariott International, Inc. ("Mariott")

2

and other defendants in the Northern District of Illinois, Case No. 1:18-cv-03947.

12. On or about April 17, 2023, Ledesma and Marriott attended a judicial settlement conference, and on April 24, 2023, the parties notified the district court that the Lawsuit was settled.

13. However, a misunderstanding pertaining to the effect of the WC Claim on the settlement terms for the Lawsuit developed between Ledesma and LLG, because LLG failed to properly advise and inform Ledesma of how the worker's compensation claim impacted settlement on the Lawsuit.

14. On June 28, 2023, Ledesma engaged Touhy to assist in resolving the miscommunication with Brown and LLG.

15. On August 9, 2023, Touhy appeared before the magistrate judge and moved for a limited appearance to assist Ledesma with finalizing the settlement of the Lawsuit.

16. On September 8, 2023, Touhy attended an off-the-record status call with the magistrate judge in the underlying matter.

17. On September 28, 2023, the magistrate judge ordered that attorney Brown and Touhy confer regarding the settlement of the Lawsuit.

18. On October 25, 2023, the magistrate judge noted that the parties had been unable to reach an agreement regarding the settlement and referred the matter back to the district judge.

19. Following October 25, 2023, Touhy continued to represent Ledesma in the Lawsuit along with Brown.

20. On November 7, 2023, Brown and Touhy both failed to appear before

the district judge for a status conference, and the court reset the matter for a telephone conference on November 14, 2023.

21. On November 14, 2023, the district judge held a telephone conference. Ledesma appeared and Touhy failed to appear. The trial court set Marriott's pending motion to enforce settlement for hearing on November 21, 2023. The court also required the parties to file a joint status report by November 17, 2023.

22. On November 14, 2023, Ledesma spoke with Touhy about the court conference, and thereafter, Touhy prepared a letter for Ledesma to sign that discharged Brown from the Lawsuit.

23. Ledesma followed Touhy's direction, and signed the discharge letter, which was transmitted to attorney Brown.

24. Touhy and his office staff informed Ledesma that he did not need to personally appear before the trial court for the November 21, 2023 hearing, and that Touhy would handle the hearing.

25. Touhy again failed to appear at the November 21, 2023 hearing.

26. Attorney Brown appeared at the hearing and requested leave to withdraw, which the court ultimately granted.

27. The district judge informed Brown that she would dismiss the Lawsuit because neither Touhy nor Ledesma appeared, but Brown did nothing to protect Ledesma's interests. As a result, the Lawsuit was dismissed with prejudice.

28. On December 19, 2023, Touhy filed a motion to vacate the order of

4

dismissal. The matter was set for hearing on January 9, 2024, and the trial court denied the motion.

29. On February 8, 2024, Touhy filed a notice of appeal in the Seventh Circuit Court of Appeals.

30. Ledesma's brief was initially due on April 26, 2024, and Touhy requested an extension of time, which the court granted to May 29, 2024.

31. Touhy was granted another extension to November 14, 2024, to file the brief.

32. The November 14, 2024, deadline passed without Touhy filing the brief or requesting an additional extension. The court entered a rule to show cause order and, following a response from Touhy, the court granted an extension to January 9, 2025.

33. On January 9, 2025, the court granted Touhy another extension until February 6, 2025.

34. The court granted Touhy another extension until April 7, 2025.

35. On April 7, 2025, Touhy requested another extension, and over the appellee's objection, the court extended the deadline until May 9, 2025. The court specifically said that "no further extensions of time will be allowed, except in extraordinary circumstances."

36. The May 9, 2025, deadline passed without Touhy filing a brief or otherwise requesting any further extensions.

37. On May 20, 2025, the appellee filed a motion to dismiss the appeal.

38. Although Touhy responded to the motion to dismiss, the Seventh

5

Circuit Court of Appeals dismissed the appeal for lack of prosecution on June 13, 2025.

## Count 1 – Professional Negligence (Brown)

39. Ledesma realleges and incorporates paragraphs 1-38 herein.

40. At all times relevant herein, Brown owed Ledesma a duty to exercise that degree of care, skill, and diligence commonly possessed and exercised by reasonably careful attorneys practicing in the State of Illinois and within the Northern District of Illinois.

41. At all relevant times herein, Brown acted as Ledesma's attorney in connection with the Lawsuit.

42. In addition, Ledesma detrimentally relied on Brown to properly represent his interests in the Lawsuit.

43. By undertaking that representation, Brown was obligated to:

    a. timely prepare all necessary court paperwork;

    b. appear in court when required by the judge;

    c. meet all deadlines set out by the trial court;

    d. exercise professional judgment and competent legal representation;

    e. timely and properly advise and communicate with Ledesma; and

    f. protect Ledesma's interests

44. Brown breached these duties through acts and omissions that fell below the applicable standard of care, including but not limited to:

6

      a.    failing to timely file the status report required by the trial judge;

      b.    failing to exercise the ordinary skill and diligence required by attorneys similarly situated;

      c.    failing to properly advise and communicate with Ledesma under the circumstances; and

      d.    prioritizing his own personal interests over Ledesma's in the November 21, 2023 hearing.

45.    As a direct and proximate result of Brown's professional negligence, Ledesma's meritorious case that was apparently resolved in the Lawsuit was dismissed.

46.    The causal connection between Brown's professional negligence and Ledesma's injury is direct, foreseeable, and supported by the records in the trial court. But for Brown's negligence, the underlying matter would not have been dismissed.

47.    As a direct and proximate result Brown's professional negligence, Ledesma sustained actual damage including by not limited to:

      a.    the loss of the value of the underlying claim; and/or

      b.    additional attorney's fees and costs.

WHEREFORE, Plaintiff, Steven Ledesma, seeks judgment against Defendant, Jeffrey M. Brown, for all compensable damages allotted under Illinois law, including interest, and all other just and proper relief.

### **Count II – Leonard Law Group**

48. Ledesma realleges and incorporates paragraphs 1-47 herein.

49. At all times relevant herein, Brown was an employee, officer and/or agent of LLG and acting within the scope of his employment or agency.

50. Based on the nature of the relationship between Defendants, LLG and Brown, LLG is vicariously liable for the professional negligence of its employee or agent, Brown

WHEREFORE, Plaintiff, Steven Ledesma seeks judgment against Defendant, Leonard Law Group, LLC, for all compensable damages allotted under Illinois law, including interest, and all other just and proper relief.

### **Count III – Professional Negligence (Touhy)**

51. Ledesma realleges and incorporates paragraphs 1-38 herein.

52. At all times relevant herein, Touhy owed Ledesma a duty to exercise that degree of care, skill, and diligence commonly possessed and exercised by reasonably careful attorneys practicing in the State of Illinois and within the Northern District of Illinois.

53. At all relevant times herein, Touhy acted as Ledesma's attorney in connection with the underlying matter.

54. In addition, Ledesma detrimentally relied on Touhy to properly represent his interests in the Lawsuit, and the subsequent appeal.

55. By undertaking that representation, Touhy was obligated to:

    a. timely prepare all necessary court paperwork;

    b. appear in court when required by the judge;

8

      c.    meet all deadlines set out by the trial court and the court of appeals;

      d.    exercise professional judgment and competent legal representation; and

      e.    timely and properly advise and communicate with Ledesma.

56.    Touhy breached these duties through acts and omissions that fell below the applicable standard of care, including but not limited to:

      a.    failing to timely file the status report required by the trial judge;

      b.    failing to appear in court for a hearing required by the trial judge;

      c.    failing to timely file Ledesma's initial brief with the court of appeals, even after being granted multiple extensions of time;

      d.    failing to properly advise and communicate with Ledesma under the circumstances; and

      e.    failing to exercise the ordinary skill and diligence required by attorneys similarly situation.

57.    As a direct and proximate result of Touhy's professional negligence, Ledesma's meritorious case that was apparently resolved with Mariott in the amount of $750,000.000 was dismissed. Specifically, Touhy performed incompetently, resulting in dismissal of the underlying case and appeal.

58.    The causal connection of Touhy's professional negligence and Ledesma's injury is direct, foreseeable, and supported by the records in the trial

and appellate courts. But for Touhy's negligence, the underlying matter would not have been dismissed or the appeal would have been timely prosecuted, and Ledesma would have recovered the settlement value.

59. As a direct and proximate result of Touhy's professional negligence, Plaintiff sustained actual damage including by not limited to:

    a.     the loss of the value of the underlying claim;

    b.     costs and expenses of the underlying litigation;

    c.     monies advanced to Touhy for the appellate brief that was never filed and was dismissed; and

    d.     additional attorney's fees and costs.

WHEREFORE, Plaintiff, Steven Ledesma, seeks judgment against Defendant, Timothy J. Touhy, for all compensable damages allotted under Illinois law, including interest, and all other just and proper relief.

## Count IV – Touhy Law Group

60. Ledesma realleges and incorporates paragraphs 1-38 and 51-59 herein.

61. At all times relevant herein, Touhy was an employee, officer and/or agent of TLG and acting within the scope of his employment or agency.

62. Based on the nature of the relationship between Defendants, TLG is vicariously liable for the professional negligence of its employee or agent, Touhy.

WHEREFORE, Plaintiff, Steven Ledesma seeks judgment against Defendant, Touhy Law Group, PC, for all compensable damages allotted under Illinois law, including interest, and all other just and proper relief.

**<u>Jury Demand</u>**

Plaintiff demands trial by jury.

                      Respectfully submitted,

                      <u>/s/ Guy S. DiMartino</u>
                      Guy S. DiMartino
                      ARDC NO: 6271609
                      Guy S. DiMartino, PC
                      336 W. 806 N.
                      Valparaiso, IN 46385
                      (219) 690-8997 – Phone
                      (866) 887-3026 – Fax
                      eservice@gsdimartino.com - Email