**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN LEDESMA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:25-cv-14211 |
| | ) |
| TIMOTHY J. TOUHY, TOUHY LAW | ) |
| GROUP, PC, JEFFREY M. BROWN, and | ) |
| LEONARD LAW GROUP, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS LEONARD LAW GROUP, LLC'S AND JEFFREY M. BROWN'S
OPPOSED RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT**

Defendants, Jeffrey M. Brown and Leonard Law Group, LLC (collectively, "the Leonard Defendants") by and through counsel, Wilson Elser Moskowitz Edelman & Dicker, LLP, for their Opposed Motion to Dismiss Plaintiff's, Steven Ledesma ("Plaintiff" or "Ledesma") Second Amended Complaint ("SAC") (Dkt. #17) under Fed. R. Civ. P. 12(b)(6), state as follows:

**INTRODUCTION**

Plaintiff's Second Amended Complaint ("SAC") fails to state a claim against the Leonard Defendants for legal malpractice. The viability doctrine – also known as the "successor counsel" doctrine – bars Plaintiff's claims as a matter of law.

The SAC's allegations, together with filings and orders from the underlying case (of which judicial notice is proper) conclusively establish that the Leonard Defendants owed no duty to Plaintiff when the underlying case was dismissed on November 21, 2023. By that date, co-defendants Timothy J. Touhy and Touhy Law Group, PC (collectively, "Touhy") were the sole attorneys with any duty to Plaintiff relating to the underlying case.

1

Illinois law is clear: where successor counsel can remedy the effects of predecessor counsel's alleged malpractice but fails to do so, *only* successor counsel bears liability in any subsequent malpractice action. Because Touhy is solely responsible for Plaintiff's purported damages – the lost recovery on his underlying claims – the viability doctrine squarely applies here, and the SAC's claims against the Leonard Defendants (Counts I and II) should be dismissed with prejudice.

## FACTUAL BACKGROUND

### A. THE UNDERLYING CASE

i.    Background

On May 3, 2018, Defendant Leonard Law Group, LLC (individually "LLG"), on behalf of Plaintiff, filed a Complaint against Marriot International, Inc. and Starwood Hotels & Resorts Worldwide, LLC for one count of common carrier negligence relating to an incident where Plaintiff was allegedly injured in an elevator at a hotel in India. (*See generally*, State Court Complaint (Circuit Court of Cook County, Illinois, Case No. 2018-L-004598), attached hereto as **Exhibit 1**).[1] That state court action was subsequently removed to the Northern District of Illinois on June 6, 2018. (*See* Federal Court Docket Report (United States District Court, Northern District of Illinois, Case No. 1:18-cv-03947) attached hereto as **Exhibit 2**, at p. 5). That underlying litigation shall be referred to herein as the "Underlying Case."

On January 20, 2021, Defendant, Jeffrey M. Brown of LLG (individually, "Attorney Brown") appeared for Plaintiff in the Underlying Case. (Ex. 2, Dkt. #80). During Attorney Brown's representation of Plaintiff, he successfully defeated a complex motion to dismiss based

---

[1] The Leonard Defendants respectfully request that this Court take judicial notice of the filings, orders, parties and other relevant information and materials from the State Court Action and Federal Action referenced herein and whose filings/orders have been attached hereto as exhibits. *See Collins v. Village of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) (noting that "judicial notice of public court documents is appropriate" when ruling on a Rule 12 motion to dismiss); *see also Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) (holding that judicial notice is proper for "facts readily ascertainable from the public court record and not subject to reasonable dispute").

on the doctrine of *forum non conveniens* and handled extensive international discovery disputes. (Ex. 2, pp. 12-21).

On April 17, 2023, a settlement conference was held between the parties to the Underlying Case. (Ex. 2, Underlying Dkt. #177[2]). On April 24, 2023, the parties reported that they had reached an agreement to resolve the matter for an amount alleged by Plaintiff as $750,000. (Dkt #17, ¶57); (*see also,* Ex. 2, Underlying Dkt. #178). On June 23, 2023 Marriott and Starwood filed a motion to enforce settlement, and Plaintiff was ordered by the federal court to "come prepared to provide a date certain by which he will sign the settlement agreement." (Ex. 2, Underlying Dkt. #183). Plaintiff continued to refuse to sign the settlement agreement. (Ex. 2, Underlying Dkt. pp. 22-24).

On September 8, 2023, Hon. Jeffrey Cummings entered Underlying Dkt. #190 (attached as **Exhibit 3**) reflecting that Plaintiff, through Touhy, appeared for an off-the-record status call regarding settlement. (Ex. 3). Judge Cummings further ordered that "Mr. Touhy shall advise the Court by the close of business on 9/12/23 via a submission to the Court's settlement correspondence mailbox, [email omitted], whether plaintiff intends to sign the proposed settlement agreement or whether he intends to proceed to a hearing on defendants' pending motion to enforce settlement [179]. Mr. Touhy shall also send a copy of his submission to attorney Jeffrey Brown."

      ii.     November 2023 Proceedings, Events and the Plaintiff's Termination of the Leonard Defendants

On Tuesday November 14, 2023, Judge Ellis held a telephonic status on the motion to enforce the settlement, at which Attorney Brown appeared in person and Ledesma appeared on the phone. (Ex. 2, Underlying Dkt. #197); (*see also,* 11/14/23 Transcript at **Exhibit 4**, page 6:12)

---

[2] References to the Underlying Case's Docket will take the form of "Ex. 2, Underlying Dkt. #_." References to the instant docket will be simply, "Dkt. #_."

("THE PLAINTIFF: Judge, I'm on the call"). Judge Ellis continued the matter to November 21, 2023. ((Ex. 2, Underlying Dkt. #197); (*also,* Ex. 4, p. 8:13-16).

On the same day (November 14, 2023), Brown received a discharge letter from Plaintiff, as referred to in his SAC. (Dkt #17, ¶22) (*See also*, Discharge Letter, attached hereto as **Exhibit 5**[3]). The letter, dated November 14, 2023, is addressed to Brown. (Ex. 5).

The letter explicitly and immediately terminates Brown as Plaintiff's attorney:

> Please accept this communication as my notice that you are discharged as my attorney. In the case entitled *Ledesma v. Marriott International Inc.,* No. 1:18-cv-03947. ***Please take no further action in this matter.* Mr. Touhy will contact you to execute and file the necessary documents.**

(Ex. 5) (emphasis added). The letter (the "Discharge Letter") is signed by Plaintiff. (Ex. 5).

On November 21, 2023, Judge Ellis held the aforementioned telephonic conference on the motion to enforce settlement. (Ex. 2, Underlying Dkt. #199). Judge Ellis's minute entry from November 21, 2023 reflects that "Neither the plaintiff **nor the current counsel for the plaintiff, Mr. Touhy**, appeared" at the hearing. (*Id*.) (emphasis added).

Judge Ellis thus dismissed the case "for want of prosecution" because "the plaintiff did not file the status report nor appear nor report that the case had been settled, and defense counsel purported that the plaintiff had not signed the settlement agreements a full seven (7) months after the settlement was reached." (*Id.*).

---

[3] "It is well settled that in deciding a motion, a court may consider 'documents attached to a motion to dismiss…if they are referred to in the plaintiff's complaint and are central to his claim.' In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); quoting, *Wright.,* 29 F.3d at 1248. The SAC references the Discharge Letter (Dkt. #17, ¶22), and it is central to his claim. Therefore, the Leonard Defendants attach the Discharge Letter hereto and respectfully request that it be considered in connection with this Rule 12(b)(6) motion to dismiss.

Further, Judge Ellis also "granted [Attorney] Brown's oral motion to withdraw based on his representation that Mr. Ledesma had discharged him *prior to today's hearing*." (*See, Id.*) (*see also,* November 21, 2023 Hearing Transcript, attached hereto as **Exhibit 6**, at p. 8). The November 21, 2023 hearing transcript also reflects the following exchange:

THE COURT: Do we have Mr. Ledesma or counsel for Mr. Ledesma on the line?

MR. RECTOR [Underlying defense counsel]: Hopefully.

MR. BROWN: Hopefully, indeed.

**THE COURT: I was expecting a status report from the parties. I received something from Mr. Brown --**

**MR. BROWN: Right.**

**THE COURT: -- stating that he should be discharged, but I didn't have anything from defendants or Mr. Ledesma.**

**MR. BROWN: Well, that's really very interesting. I'm glad I wrote you a letter.**

**THE COURT: Mr. Brown, I'm not asking for anything from you.**

MR. BROWN: Okay. Great.

MR. RECTOR: **Your Honor, after Mr. Brown filed what he filed, Mr. Touhy and I spoke, and I was under the impression that he had filed a second joint status report that had actually been, you know, discussed with another party. I put everyone in an email together to discuss and put together a joint report, and I included in that the information to be on today's call. So Mr. Touhy really has no excuse for not being here today if he isn't.** But I got everyone together to try to do a joint status report, and no one participated until after Mr. Brown had already filed his.

THE COURT: Right. So, you know, **Mr. Brown did not file his on the docket. He just emailed it to my courtroom deputy. I'm looking at the docket, and the last entry is an attorney appearance by Mr. Rector for the defendants. But on November 17th when I was expecting a status report, there was nothing filed. So I will pass this case. If Mr. Ledesma does not appear by phone by the end of this call, I'm going to dismiss this case**.

(Ex. 6 at p. 2:8-3:15) (emphasis added).

iii.     Touhy's Attempt to Vacate the Dismissal

As alleged in Plaintiff's SAC, on December 19, 2023, Touhy filed a motion to vacate the dismissal order. (Dkt. 17, ¶28) (*see also,* Ex. 2, Underlying Dkt. #201). On January 2, 2024, Judge Ellis entered and continued the motion to vacate to January 9, 2024, and ordered Plaintiff to appear in person. (Ex. 2, Underlying Dkt. #205).

Also on January 2, 2024, the underlying defendants filed a response to the motion to vacate. (Ex. 2, Underlying Dkt. #206); (*also*, Underlying Defs.' 1/2/24 Response to Motion to Vacate attached as **Exhibit 7**).

On January 9, 2024, an in person hearing on the motion to vacate was held, and Judge Ellis denied it for the reasons stated on the record. (Ex. 2, Underlying Dkt. #208); (*see also,* January 9, 2024 transcript (Underlying Dkt. #218) attached as **Exhibit 8**). Indeed, Touhy appeared for Plaintiff on January 9, 2024. (Ex. 8, p. 1). Touhy also stated "Timothy J. Touhy and Michael O'Rourke on behalf of Mr. Ledesma." (Ex. 8, p. 2:7-8). On January 9, 2024, Judge Ellis stated:

> THE COURT: So **I'm not sure what the basis is, Mr. Touhy, of your motion to vacate because it was abundantly clear that I did not understand what Mr. Ledesma's issue was with signing the settlement. <u>I released his prior counsel</u>.** He said that he has you to represent him. It's very easy to pull up the docket to see when a case is set. The call-in number is always the same. Everything is the same. This case has been dragging on forever, and **there was no reason why Mr. Ledesma and you were not on the call.** …
>
> …. THE COURT: All right. So Mr. Ledesma on November 14th says that he's on the call, and he and I had a discussion about how the case should be resolved one way or the other. He said he thought you were going to be on the phone call and that you were not on the phone call, so I said I would set it over for a week and that I wanted a status report by Friday as to where the case is going. That was my direct conversation with Mr. Ledesma, and he was aware that it was set for 9:30 on November 21st.
>
> MR. TOUHY: Was that told to him on the record?
>
> THE COURT: Yes.

(Ex. 8, p. 2: 12-21; p. 6:5-15)

6

iv.     Touhy's Failure to Prosecute the Appeal

Touhy appealed the January 9, 2024 ruling on February 8, 2024 (the "Underlying Appeal"). (Dkt #17, ¶29); (*see also,* Ex. 2, Underlying Dkt. #210). Touhy was granted multiple extensions by the Seventh Circuit and still missed the deadline to file a brief, May 9, 2025. (Dkt #17, ¶¶30-36); (*see also,* Ex. 2, Underlying Dkt. #222) (June 13, 2025 Seventh Circuit Order, "On April 10, 2025, this court granted appellant an extension of time, until May 9, 2025, to file his brief but warned that no further extensions would be granted absent extraordinary circumstances. Appellant did not file his brief or move for another extension of time, and on May 20, 2025, the appellees moved to dismiss this appeal under Federal Rule of Appellate Procedure 31(c). On May 30, 2025, this court ordered appellant to show cause why the appeal should not be dismissed for lack of prosecution. Appellant responded, but did not offer any new information that would establish extraordinary circumstances warranting a further extension. Accordingly, IT IS ORDERED that the appellees' motion is GRANTED and this appeal is DISMISSED for lack of prosecution.").

A. **LEDESMA'S ALLEGATIONS IN THIS ACTION**[4]

On November 20, 2025, Plaintiff filed his initial Complaint bringing counts of Professional Negligence against all Defendants. (Dkt #1). The Court struck that Complaint for failure to adequately plead subject matter jurisdiction. (Dkt #14). Plaintiff's First Amended Complaint was filed on December 5, 2025. (Dkt #15). The First Amened Complaint was again stricken for failure to plead subject matter jurisdiction. (Dkt #16).

On December 19, 2025, Plaintiff filed his SAC. (Dkt #17). The SAC brings identical counts of Professional Negligence sounding in legal malpractice against Attorney Brown and LLG. (Dkt #17, ¶39-50). Plaintiff alleges that Brown, as Plaintiff's attorney, breached the standard of care by

---

[4] In reciting Plaintiff's allegations, the Leonard Defendants in no way admit their veracity.

failing to file a status report, failing to properly advise, communicate and exercise ordinary care, and "prioritizing his own personal interests over Ledesma's in the November 21, 2023 hearing." (Dkt #17, ¶44). Plaintiff alleges as a direct and proximate cause of Brown's negligence Plaintiff "sustained damage" including "the loss of the value of the underlying claim; and/or additional attorney's fees and costs." (Dkt #17, ¶47). Against LLG, Plaintiff alleges that LLG is vicariously liable through Brown. (Dkt #17, ¶¶49-50).

## ARGUMENT

### I. APPLICABLE LAW/STANDARD OF REVIEW

A Rule 12(b)(6) motion challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826-27 (7th Cir. 2015) (collecting cases). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *** Applying this standard, we first accept all well-pleaded facts in the complaint as true and then ask whether those facts state a plausible claim for relief." *Id*.; *citing, Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal citations and quotations omitted). A Rule 12(b)(6) motion should be granted where the plaintiff cannot state a claim as a matter of law. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).

As noted above in footnote 3, the Leonard Defendants attach the Discharge Letter hereto and respectfully request that it be considered in connection with this Rule 12(b)(6) motion to dismiss. "It is well settled that in deciding a motion, a court may consider 'documents attached to a motion to dismiss…if they are referred to in the plaintiff's complaint and are central to his claim.' In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting

8

defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films, LLC*, 682 F.3d at 690; quoting, *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

### B. THE VIABILITY DOCTRINE BARS COUNTS I AND II, AS A MATTER OF LAW.

The viability doctrine (or, "successor counsel" doctrine) applies here and Counts I and II of the SAC should be dismissed as a matter of law. Plaintiff cannot dispute what the Discharge Letter and background information set forth above unequivocally prove: (1) as of November 14, 2023, the Leonard Defendants no longer owed Plaintiff any duty and, in fact, Plaintiff expressly directed them to "take no further action in [the Underlying Case]" (Ex. 5); (2) thereafter, Plaintiff was represented solely by Touhy, including with respect to the joint status report due on November 17, 2023 and the November 21, 2023 hearing. (*See,* Dkt. #17, ¶22) ("On November 14, 2023, Ledesma spoke with Touhy about the court conference, and thereafter, Touhy prepared a letter for Ledesma to sign that discharged Brown from the Lawsuit"); (*see also,* Dkt. #32) (Touhy Answer in this case admitting ¶22 of the SAC); (*see also,* Exs. 5-6).

It is settled in Illinois that legal malpractice plaintiffs can neither plead nor prove proximate cause when "[t]here is no question that plaintiffs cause of action was viable, as a matter of law, well after defendants were discharged and successor counsel was retained." *Mitchell v. Schain, Fursel & Burney, Ltd.,* 332 Ill. App. 3d 618, 622 (1st Dist. 2002). Stated differently, the first attorney will not be subject to malpractice liability when successor counsel takes "at the point where harm to the client's cause of action could still be averted…" *Lopez v. Clifford Law Offices, P.C.,* 362 Ill. App. 3d 969, 978 (1st Dist. 2005); citing, *Land v. Greenwood,* 133 Ill. App. 3d 537, 540 (4th Dist. 1985); *Cedeno v. Gumbiner,* 347 Ill. App. 3d 169, 176 (1st Dist. 2004)) (holding that where an underlying cause remains "actionable upon the discharge of the former attorney, plaintiff can prove no set of facts which connect defendant's conduct with any damage plaintiff

sustained"); *also, Mitchell,* 332 Ill. App. at 622 (1st Dist. 2002) (affirming dismissal on the viability doctrine, holding "[t]here is no question that plaintiffs cause of action was viable, as a matter of law, well after defendants were discharged and successor counsel was retained"); *also, Goodman v. Levy*, 2011 WL 824621, *4-5 (N.D. Ill. Jan. 13, 2011) (collecting cases) ("No legal malpractice exists where a claim is viable at a time when plaintiff is represented by successor counsel."); *also, Nettleton v. Stogsdill,* 387 Ill. App. 3d 743, 755 (2d Dist. 2008) ("Where are cause of action remains viable despite the defendant's malpractice and after the defendant's discharge, it cannot be said that the plaintiff lost the cause of action due to the defendant's negligence, because the cause of action still existed at the time of the defendant's discharge. Thus, where a plaintiff alleges that the defendant's malpractice caused the loss of the cause of action, it is necessary for the plaintiff to demonstrate that the cause of action was actually lost and **did not remain viable at the time of the defendant's discharge**…") (emphasis added); *also, McGee v. Danz,* 261 Ill. App. 3d 232, 237 (4th Dist. 1994); *also Harvey v. McKay,* 109 Ill. App. 3d 582, 587 (1st Dist. 1982).

Indeed, the law on this issue is well-settled. And, it plainly bars Ledesma's claims against the Leonard Defendants.

On November 14, 2023, Judge Ellis – *with Ledesma on the call* – expressly stated that she would "set this over **one final time**" to November 21, 2023. (Ex. 4, p. 6:3-4) (emphasis added). Then, as Plaintiff admits, he told Touhy about the November 14, 2023 court appearance on that same day, and thereafter Touhy prepared, and Ledesma sent to Attorney Brown, the Discharge Letter. (Dkt. #17, ¶22; *also*, Ex. 5). At that moment, on November 14, 2023 – when Plaintiff's ability to save the Underlying Case by way of complying with the Court's instructions or otherwise acting was still viable – the Leonard Defendants' duty to Plaintiff ceased to exist. *See, Cioni v.*

10

*Gearhart*, 201 Ill. App. 3d 853, 856 (3d Dist. 1990) (holding that the client's letter to the attorney that "unambiguously discharged him thereby terminat[ed] [the attorney's] obligation to further represent [the plaintiff]"); *see also, York v. Stiefel*, 109 Ill. App. 3d 342, 348 (3d Dist. 1982), *rev'd in part on other grounds*, 99 Ill. 2d 312 (1983); citing, *Dolce v. Gamberdino*, 60 Ill. App. 3d 124, 126 (1st Dist. 1978) ("The duty to exercise due care and diligence incident to the attorney-client relationship terminates when the attorney-client relationship terminates"). Indeed, as this Court has recognized, "**A client who fires an attorney cuts off his or her ability to pursue a cause of action for malpractice caused by actions or decisions taken after the representation was terminated**." *Woods v. Southwest Airlines, Co.*, 523 F. Supp. 2d 812, 823-24 (N.D. Ill. Oct. 18, 2007); citing, *York*, 109 Ill. App. 3d at 342 (emphasis added).

Again, Attorney Brown was terminated and explicitly instructed to "take no further action" by Plaintiff on November 14, 2023. (Ex. 5). Touhy then failed file a joint status report by November 17, 2023. (Ex. 2, p. 25). Touhy failed to appear at the November 21, 2023 hearing. (Ex. 6). By Plaintiff's own allegations, doing so would have eliminated Plaintiff's purported damages. (*See, e.g.*, Dkt #17, ¶¶55-57). These failures of Touhy resulted in dismissal of the Underlying Case with prejudice. (*See, supra*). Attorney Brown *never* represented Plaintiff, whether in the Underlying Case or in the Appeal, after he had been discharged and instructed not to not take any further action. (Ex. 2, Underlying Dkt. #199, 201, 204, 205, 208); (*also,* Ex. 6, p. 8; Dkt. #17, ¶23).

Further, Touhy – not the Leonard Defendants – wholly failed to prosecute the Underlying Appeal, thereby costing Plaintiff the ability to challenge the underlying Court's rulings. (Ex. 2, Underlying Dkt. #222). Attorney Brown *never* represented Plaintiff in the subsequent Seventh Circuit appeal. (Ex. 4) (Dkt #17, ¶¶28-38).

11

As shown, it cannot be disputed that the matter about which Plaintiff has now sued the Leonard Defendants remained viable after the Leonard Defendants were terminated and, thus, after the Leonard Defendants no longer owed Plaintiff any duty of care. Therefore, Counts I and II of the SAC should be dismissed, with prejudice, as the viability doctrine (a/k/a the successor counsel doctrine) bars those claims. *See, e.g., Mitchell*, 332 Ill. App. 3d at 620; quoting, *Land*, 133 Ill. App. 3d at 540 ("…[S]uccessor counsel had a duty to preserve his client's cause of action. 'It was viable when he received it; it was not when he got through with it.'").

## C. IN THE ALTERNATIVE, PLAINTIFF'S SAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

In the alternative to the grounds for dismissal set forth in Argument Section B above, Counts I and II of the SAC should be dismissed because they fail to sufficiently state a claim.

While a Court assumes the truth of all *well-pled* factual allegations, a plaintiff must do more than simply recite the elements of the claim to survive dismissal. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. A complaint must plausibly suggest plaintiff's right to relief beyond a speculative level. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

      i.     <u>Plaintiff has not set forth well-pled factual allegations of a legal malpractice claim.</u>

It is fundamental that to state a claim for legal malpractice in Illinois, Plaintiff must plead: (1) the existence of an attorney client relationship which establishes a duty on the part of the attorney; (2) a breach of that duty; (3) proximate cause establishing that "but for" the attorney's negligence, <u>the plaintiff would have prevailed in the underlying action</u>; and (4) damages. *Timothy Whelan Law Associates v. Kruppe,* 409 Ill. App. 3d 359, 363 (2d Dist. 2011) (collecting cases)

(emphasis added). Conclusory allegations are insufficient. *Pooh-Bah Enterprises, Inc. v. County of Cook,* 232 Ill. 2d 463, 473 (2009). Plaintiff may not rely on mere conclusions of law or fact unsupported by specific factual allegations. *Id.*

*First,* Plaintiff has failed to plead <u>facts</u> in support of his "case within a case" – that is, the Plaintiff has failed to meet the fact-pleading standard in terms of alleging *how or why* the Plaintiff would have obtained a better result in the underlying case but for the Leonard Defendants' alleged malpractice. "A legal malpractice suit is by its nature dependent upon a predicate lawsuit," and therefore, a plaintiff must plead and prove a case within a case. *Nelson v. Quarles & Brady, LLP*, 2013 IL App (1st) 123122, ¶ 28. In other words, Plaintiff must plead, **with facts**, that Plaintiff would have obtained a more favorable result in the Underlying Case but for the alleged malpractice. *Stevens v. McGuireWoods LLP*, 2015 IL 118652, ¶12 (emphasis added).

Plaintiff fails to plead *any* facts in support of his apparent position that but for Defendants' alleged malpractice, he would have recovered the $750,000 settlement amount, or some unspecified additional amount. Rather, Plaintiff merely *concludes* that but for the Leonard Defendants' purported conduct, he would not have been damaged in the amount of "the loss of value of the underlying claim." (Dkt. #17, ¶47(a). This is woefully deficient. The SAC offers no discussion of the merits of the Underlying Case (*e.g.*, the facts giving rise to the Underlying Case, any purported evidence in support of his underlying allegations, how or why the underlying defendants' defenses, whether in whole or in part, would have been overcome) such that any inference (let alone a reasonable inference) can be drawn that Plaintiff would have obtained avoided these purported damages. Thus, the SAC should be dismissed for failing to state a claim. *See, e.g., W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 677-78 (7th Cir. 2016) (affirming rule 12(b)(6) dismissal of legal malpractice case, and explaining "This same sort of general

13

language appears in paragraph 28; there West Bend refers to a loss of 'valuable factual and legal defenses that would have eliminated or substantially reduced any liability of [West Bend] to the claimant.' **These allegations are conclusory assertions and certainly do not set forth a plausible description of a lost defense that, absent Mr. Schumacher's alleged neglect, would have assured West Bend's success on the underlying claim**") (emphasis added).

*Second,* Plaintiff fails to adequately allege breach. Plaintiff claims that the Leonard Defendants' breaches of the standard of care are: "a. failing to timely file the status report required by the trial judge; b. failing to exercise the ordinary skill and diligence required by attorneys similarly situated; c. failing to properly advise and communicate with Ledesma under the circumstances; and d. prioritizing his own personal interests over Ledesma's in the November 21, 2023 hearing." (Dkt. #17, ¶44(a)-(d)). As the *Schumacher* Court explained, these conclusory and generalized allegations are insufficient. Plaintiff does not identify what "status report" he is referring to, and, if he is referring to the one due November 17, 2023, he cannot claim this is a breach because there was no duty to file that status report. Nor does Plaintiff explain how or why Attorney Brown purportedly "prioritizing his own personal interests over Ledesma's in the November 21, 2023 hearing," is a breach of the standard of care. In fact, Plaintiff *cannot* allege that this was a breach because, at that time, Attorney Brown owed Plaintiff no duty of care. As for Paragraphs 44(b)-(c), these are threadbare recitals, without facts, and should be dismissed.

*Third*, Plaintiff has failed to adequately plead duty. As set forth in the above paragraph, Ledesma's allegations about filing the status report and about the November 21, 2023 hearing relate solely to matters about which the Leonard Defendants owed Plaintiff no duty (i.e., post-November 14, 2023 matters). Thus, Counts I and II should be dismissed.

*Finally*, Plaintiff fails to sufficiently plead actual damages. "A plaintiff's damages in a

14

malpractice suit are limited to the actual amount the plaintiff would have recovered had he been successful in the underlying case." *See, Eastman v. Messner,* 188 Ill .2d 404, 411-12 (1999). In addition to Counts I and II's failures rooted in the viability doctrine and their inability to plead duty, breach and causation, Plaintiff offers no facts in support of any purported actual damages. It is elementary that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft*, 556 U.S. at 678.

Indeed, in legal malpractice actions, "[d]amages must be incurred and are **not presumed**." *Lucey v. Law Offices of Pretzel & Stouffer*, 301 Ill. App. 3d 349, 353 (1st Dist. 1998) (emphasis added). Plaintiff's unsupported conclusion that Attorney Brown cost Plaintiff the value of the underlying claim is wholly presumptive and, thus, insufficient. (Dkt #17, ¶ 47). Counts I and II should be dismissed with prejudice.

WHEREFORE, Defendants, Jeffrey M. Brown and Leonard Law Group, LLC, respectfully request this Honorable Court enter an ORDER: (1) granting this Motion; (2) dismissing Counts I and II of the SAC with prejudice, pursuant to FRCP 12(b)(6)(c); or in the alternative: (3) dismissing Counts I and II of the SAC without prejudice pursuant to FRCP 12(b)(6); and (4) granting any other relief deemed just and appropriate.

Respectfully submitted,

**LEONARD LAW GROUP, LLC AND JEFFREY M. BROWN**

*/s/ Kimberly E. Blair*

Kimberly E. Blair
Robert F. Merlo
Abigail K. Dibadj
Wilson Elser Moskowitz Edelman & Dicker LLP
161 North Clark Street, Suite 4500
Chicago Illinois 60601
312.704.0550 main

Kimberly.blair@wilsonelser.com
Robert.Merlo@wilsonelser.com
Abigail.Dibadj@wilsonelser.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served on all parties of record via the Court's e-filing system and email on March 13, 2026

Guy S. DiMartino
GUY S. DIMARTINO, PC
336 W. 806 N.
Valparaiso, IN 46385
219.690.8997 (p)
866.887.3026 (f)
eservice@gsdimartino.com
*Attorney for Plaintiff*

Timothy J. Touhy
55W. Wacker Dr., 9th Floor
Chicago, Illinois 60601
312.372.2209
312.456.3838 f
ttouhy@touhylaw.com
*Attorney for Defendants Timothy Touhy and Touhy Law Group, P.C.*

/s/ *Ariana Arriaga*

16